PEARSON, Acting Chief Judge
(dissenting) .
Sunny Isles Shopping Center, Inc., defendant to a complaint for a mandatory injunction, appeals from a final decree requiring it to remove a “sewage conduit” beneath the surface of certain land owned by the plaintiff, Milton R. Mannheimer. The conduit was installed through a “drainage easement” on plaintiff’s land. No evidence was offered on behalf of any party and the parties stipulated to submit the cause to the chancellor upon a question of law. The stipulation was as follows:
“It is hereby stipulated and agreed by and between counsel for plaintiff and counsel for defendants, as follows :
“1. That if defendants, as a matter of law, had no right to install the sewage conduit in the first instance across the North 30 feet of Lot 1 of Block 2 of Sunny Isles Shores, Section A, recorded in Plat Book 53 at Page 95 of the Public Records of Dade County, Florida, plaintiff is entitled to a mandatory injunction requiring the removal of said conduit without submitting factual evidence in support of the allegations of the amended Complaint, as amended; that if, on the other hand the defendants, as a matter of law had the right to install the conduit in the first instance across the North 30 feet of Lot 1 of Block 2 of *434 Sunny Isles Shores, Section A, recorded in Plat Book 53 at Page 95 of the Public Records of Dade County, Florida, then the Plaintiff’s Complaint contains no equity and should be dismissed with prejudice.
“2. The parties herewith agree to submit this cause for final hearing upon the issue of law described in Paragraph 1 hereof.”
The chancellor found in the decree that the only question which arose was “whether the ‘drainage’ easement that burdens the plaintiff’s fee gives the defendant, Sunny Isles Shopping Center, Inc., the right by definition or implication to install a ‘sewage conduit’ underneath the plaintiff’s fee for the purpose of draining sewage from defendant’s Sunny Isles Shopping Center, Inc.’s sewage disposal plant.” The decree in part was as follows:
“I find, therefore, the word ‘drainage’ does not by definition or implication give the defendants right to install a ‘sewage conduit’ through or over plaintiff’s fee and servient tenement.
“Accordingly, it is Ordered, Adjudged and Decreed, as follows:
“1. That the equities are with the plaintiff and that he is entitled to the relief sought herein.”
The chancellor’s decree is based upon the proposition that there is a distinction between the term “sewage” and the term “drainage”. The citations given as well as those furnished by the appellee turn largely upon the dictionary definition of the words. It is presumed that the majority decision is upon this same basis. It appears to me that the problem is more logically solved by a resort to the historical legal meaning of the terms, involved.
It will be readily conceded that all drainage for whatever purpose was originally surface drainage. As the engineering skill of the members of a community increased the natural surface drainage was often aided and directed by the addition of artificial surface conduits and later by subsurface drains. These ditches carried not only the pure rain water but the washings of the earth, including all matter which would be today termed sewage. See 24 Encyclopedia Americana 263 (1957). Ultimate disposal of sewage is always into a water course. 20 Encyclopedia Britannica 401 (1958).
It appears the term “drainage easement” has a more extensive or a different signification than that accorded to it by the majority. Therefore it appears to me that to limit the term “drainage easement” to surface water drainage without the taking of testimony to show the intentions of the makers of the easement is against reason. My view is that the decree should be reversed and the cause remanded to the chancellor for the purpose of taking such testimony as the parties may present, if any, and for further proceedings. See Gale, Easements 72 (12th ed. 1950).